Richardson, Ch. J.,
delivered the opinion of the court:
The claimant in his petition alleges, substantially :
That on November 1, 1879, he received a certificate from Cyrus Harris, collector of the port of Providence, R. I., stating that he had been confirmed by the Secretary of the Treasury as an inspector, weigher, gauger, and measurer in and for the district of Providence.
That since the date of said certificate he has performed the duties “as well,as he could under the circumstances that have existed, and has received pay for the performance of said duties at the rate of $3.50 per diem up to and including September 14, •1884.”
That since the latter date, “ from unlawful efforts on the part of Cyrus Harris, collector of the port, and his subordinates, he has been prevented from receiving his pay as an officer according to said certificate.”
That on September 12, 1884, “ he personally tendered his *26 resignation of said office of inspector, &c., to said Cyras Harris, esq., collector, and said resignation has never been accepted or referred to by said Harris or any other person.”
That on September 13 he received from said Harris, collector, a communication suspending him from duty after the 14th of said month.
That he protested against this proceeding, and on the morning of September 15, 1884, he reported for duty at the customhouse in Providence and has ever since held himself in readiness to obey all lawful orders from his superior officers.
That in response to protesting communications from himself to the Acting Secretary of the Treasury he received certain letters, copies of which are annexed to his petition.
That the letter of Gyrus Harris aforesaid, suspending him from duty, was “ founded upon a misrepresentation of facts to the Secretary of the Treasury by said Cyrus Harris, collector, for illegal and fraudulent purposes.”
That ever since he was suspended from performing the duties of said office the said Harris has neglected and refused to pay him the salary due him as an inspector, &c., of customs, to wit, $3.50 a day from said September 14, 1884, to September 1,1885, amounting to $1,228.50.
The certificate, letters, and communications annexed to the ' petition and made part thereof are as follows:
“United States oe AMERICA.
“ CERTIFICATE OE APPOINTMENT.
“This is to certify that Bobert N. Turner,having been confirmed by the Secretary of the Treasury as inspector, weigher, gauger, and measurer in and for the district of Providence, State of Bhode Island, is authorized to exercise and perform the duties of the said office, in accordance with the laws of the United States and regulations of the Treasury Department, and his authority will be respected accordingly until his appointment. is revoked.
“ Given under my hand and seal of office at the custom-house, Providence, this first day of November, in the year of our Lord one thousand eight hundred and seventy-nine (1879).
“[l. s'!] “ 6 vrus Harris,
“ Collector.”
*27 “ Providence, R. I., September 12, 1884.
“ To Cyrus Harris, Esq.,
“ Collector of the Port:
“ Sir : As I cannot resume my duties at the custom-house, under existing circumstances, I hereby tender my resignation, to take effect October 1.
“ Respectfully yours,
“Robert N. Turner.”
“ Custom-House, Providence, R. I.,
u Collector's Office, September 12, 1884.
“ Mr. Robert N. Turner,
“ Inspector, Ganger, and Measurer :
“ Sir : In view of the decrease in business at this port, the Acting Secretary of the Treasury has decided to dispense with the inspectors, gangers, and measurers now employed, and you are therefore hereby informed that your services will not be required after the 14th instant.
“Respectfully, “Cyrus Harris,
“ Collector.”
“ Treasury Departseent,
“Oriioe or the Secretary,
“ Washington, D. 0., September 18, 1884.
“Mr. Robert N. Turner,

"No. 21 Halsey street, Providence, H. I. :

“Sir : Referring to your letter of the 13th instant, in relation to the discontinuance of your services as inspector of customs at the port of Providence, you are informed that the reduction of the force at that port, which resulted in your removal, was based upon the recommendation of the collector, whose judgment as to the requirements of the service at his port must be relied upon to a great extent by the Department.
“There appears to be nothing connected with the manner of your removal from the service which calls for further action by the Department.
“Very respectfully, “Chas. E. Coon,
“ Acting Secretary.”
“ Treasury DkpartMent,
“ ÜRRICE OR THE SECRETARY,
"Washingion, J). C., October 15, 1884.
“ Mr. Robert N. Turner,
No. 21 Halsey street, Providence, R. 1.:
“ Sir : Referring to your letter of tile 13th instant, in relation to the manner of your removal from the custom service at the port of Providence, you are informed that the course pursued was in accordance with the long established usage of the De *28 partment. The Secretary has no authority in the selection of the subordinates of collectors of customs, other than to approve or disapprove their nominations.
“Very respectfully,
“ Ohas. B. Coon,
“ Acting Secretary.”
The defendants file a general demurrer, and the issue joined raises the question whether or not the petition sets out a good cause of action.
By Bevised Statutes, section 2621, it is made the duty of the collector of the port of Providence, among others, “ to employ, with the approval of the Secretary of the Treasury, proper persons as weighers, gaugers, measurers, and inspectors.”
The power of appointment implies the power of removal, so that the collector may, with the approval of the Secretary, remove or discharge such officers. (Perkins’s Case, 20 C. Cls. B., 443, and cases there cited.)
The claimant was duly employed, with the approval of the Secretary, as inspector, weigher, gauger, and measurer, November 1, 1879, and was in like manner discharged September 14, 1884. He does not controvert the fact that he was removed, but, on the contrary, admits that he was suspended by the collector, and bases the cause of action upon the allegation that the letter of suspension was “ founded upon a misrepresentation of facts to the Secretary of the Treasury by said Cyrus Harris, esq., collector, for illegal and fraudulent purposes.”
This last is the gravamen of his complaint. It is hardly necessary to say that such an allegation presents no legal cause of action. The reasons which induce the appointing power to remove a person from office, whether founded on misrepresentation of facts or not, have nothing to do with the validity of the removal and cannot be inquired into here in an action for the salary of the office. Even if it be true that the claimant’s suspension was approved by the Secretary of the Treasury through misrepresentation offacts made to him,the suspension wasnone the less effective on that account, and the claimant cannot recover pay after the time of such suspension.
But at the trial the claimant’s counsel went further and introduced matters outside of the petition, of which he urged the court to takejudicial notice. He argued that it was a well-known fact of public and general notoriety that at the dates of the cer *29 tificate of suspension and the letters of Mr. Coon, purporting to be Acting Secretary, there was no Secretary of the Treasury by reason of the death of Mr. Folger, and no person legally appointed to act as such ; and therefore that there was no legal approval of the suspension, and so the claimant was never in law and fact removed from office.
The court will take judicial notice of the persons who from time to time preside over the Executive Departments, as well as of the bureaus thereof, whether permanently or transiently, as was done by the Supreme Court in the case of New York and Maryland Line Railroad v. Winans (17 Howard, 31, 41).
Secretary Folger died in office September 4, 1884.
In the previous April Mr. Coon had been designated by the President to act as Secretary of the Treasury during the absence or sickness at any time of both the Hon. Charles J. Fol-ger and Assistant Secretary French, who had been designated to act in the absence of Secretary Folger; and they frequently diu act as such. (Rev. Stat., 179.)
After the death of Secretary Folger no designation was made until September lo, when Mr. Coon was designated by the President as Acting Secretary f.m a period of ten days. (Rev Stat., 180.)
Secretary Gresham having been appointed September 24, 1884, Mr.'Coon was designated by the President to act as Secretary of the Treasury during the absence or sickness at any time of Secretary Gresham.
From this it is argued that on the 12th of September, 1884, when Collector Harris’s notice of the claimant’s suspension bears date, there was no Acting Secretary. But that is immaterial, if it were so. There is no prescribed form of approval. It may be in writing or oral, and it may be before or after the action of the collector. Mr. Harris’s notice refers to the decision of the Acting Secretary of the Treasury, but it does not state when that decision was made, and it is to be presumed that it was made some time previously, on one of the numerous days when either Mr. Coon or Mr. French was properly Acting Secretary. The claimant’s petition admits the approval of the Secretary in the allegation that the- collector’s letter suspending him was “founded upon a misrepresentation of facts to the Secretary of the Treasury.”
But even if the act of suspension by the collector was notap- *30 proved by tbe Secretary at the time of its date, it was twice subsequently aproved; first by the letter of Mr. Coon, September 18,1884, during the ten days for which he was designated to act after the death of Mr. Fofger, and again October 15,1884, while he was designated to act in the absence or sickness of Secretary Gresham. . Thus the action of the collector was duly approved, ratified, and confirmed, and the claimant’s removal was fully consummated, and he has no claim for further compensation.
The demurrer is sustained and the petition is dismissed.